# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. J & J SPORTS PRODUCTIONS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| 1. JOSE ALVERTO CAMACHO, individually and d/b/a LAS TORTAS; | ) ) ) |
| 2. MARIE ARELLANO, individually and d/b/a LAS TORTAS; | ) ) ) ) |
| 3. ALBERTO ROSALES, individually and d/b/a LAS TORTAS; | ) ) ) ) |
| 4. LAS TORTAS R, LLC, d/b/a LAS TORTAS, | ) ) ) |
| Defendants. | ) |

Case No. 17-cv-184-JED-FHM

## **OPINION AND ORDER**

Presently before the Court are Plaintiff's Motion for Summary Judgment (Doc. 28) against Defendant Alberto Rosales, individually and d/b/a Las Tortas ("Mr. Rosales") and Plaintiff's Motion for Default Judgment (Doc. 26) against Defendants Jose Alverto Camacho, individually and d/b/a Las Tortas ("Mr. Camacho"), and Las Tortas R, LLC, d/b/a Las Tortas ("Las Tortas").

**I.    Background**

Plaintiff brought this action on April 7, 2017, alleging that the defendants unlawfully intercepted and exhibited *"The Fight of the Century": Floyd Mayweather, Jr. v. Manny Pacquiao WBC World Welterweight Championship Fight Program* ("the Program") on May 2, 2015, at the defendants' establishment known as Las Tortas. (Doc. 2). On June 19, 2017, Ms. Shannon McMurray filed an Answer (Doc. 9) on behalf of Ms. Arellano and Mr. Rosales, though the docket

mistakenly showed her as representing all four defendants. On July 3, 2017, plaintiff filed an Amended Complaint (Doc. 14) with leave of the Court. None of the defendants filed an answer to the Amended Complaint.

On September 27, 2017, Ms. McMurray moved to withdraw from representing Las Tortas, Mr. Camacho, and Ms. Arellano. (Doc. 18). In her motion, Ms. McMurray explained that she had discovered the error regarding her entry of appearance and had unsuccessfully attempted to contact Ms. Arellano and Mr. Camacho. The Court granted Ms. McMurray's motion to withdraw and directed Ms. Arellano, Mr. Camacho, and Las Tortas to either cause new counsel to enter an appearance on their behalf within 30 days or, as to Ms. Arellano and Mr. Camacho, file a notice with the Court of their intention to proceed pro se. (Doc. 19). None of these three defendants responded in any way to the Court's order.

On December 6, 2017, plaintiff's counsel informed the Court that plaintiff was voluntarily dismissing its claims against Ms. Arellano. (Doc. 20). Subsequently, plaintiff moved for and obtained an entry of default against both Mr. Camacho and Las Tortas. (Doc. 21-25). Plaintiff has now moved for default judgment against Mr. Camacho and Las Tortas and for summary judgment against Mr. Rosales, who is represented by Ms. McMurray.

## II.     The Summary Judgment Motion

### A.     Legal Standards

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "By its very terms, [the Rule 56] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48 (emphasis in original). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The courts thus determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id*. at 255.

B.   **Discussion**

On August 2, 2017, Plaintiff's counsel served Defendant Rosales, via certified mail, with Plaintiff's First Requests for Admission. (Doc. 29-3 at 2 [Weintraub Aff. at ¶ 3]).[1] Pursuant to Fed. R. Civ. P. 36(a)(3), a party to whom requests for admission are directed must provide answers or objections within 30 days after being served, or the matter is deemed admitted. When Mr. Rosales failed to provide responses to the plaintiff's requests for admission within 30 days, plaintiff's counsel contacted Ms. McMurray, counsel for Mr. Rosales. (*Id*. at 37). On September 20, 2017, Ms. McMurray wrote back, stating that her paralegal did not forward the requests to Mr. Rosales and that she would "get with Alberto [Rosales] and work through his discovery." (*Id*.). Plaintiff's counsel then asked Ms. McMurray to send the responses for Mr. Rosales "asap." (*Id.* at 36). A month later, on October 23, 2017, plaintiff's counsel again contacted Ms. McMurray, this time stating that he would proceed with a motion for summary judgment unless he received Mr. Rosales's responses by the end of the week. (*Id.*). Plaintiff's counsel asserts that no responses

---

[1] The page numbers referenced in this opinion are those found in the header of each document.

were received to the requests of admission as of the date of his filing of the summary judgment motion on January 12, 2018. (*Id.* at 2 [Weintraub Aff. at ¶ 5]).

Defendant Rosales's response brief to the summary judgment motion makes no reference to the requests for admission or the failure to provide a timely answer to those requests; however, the brief does set forth a Statement of Disputed Issues and Facts ("SODF") that appears to track those requests. (*See* Doc. 30 at 5-7). The SODF claims, *inter alia*, that Mr. Rosales paid for the Program as a home subscriber for personal use and that the only people at the establishment with Mr. Rosales during the Program were two of his family members. According to the SODF, Mr. Rosales was unaware a licensing fee may have been required, he did not advertise that the Program would be shown at the establishment, and he did not require anyone to pay a cover charge or fee. The SODF that does not cite to any supporting evidence; in fact, the only evidence submitted with the response brief was the plaintiff's investigator's affidavit (Doc. 30-1).

Plaintiff alleges that the defendants' actions were in violation of 47 U.S.C. § 605, which sets forth the following prohibitions:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

§ 605(a). Pursuant to § 605(e)(3)(C)(i)(II), an aggrieved party "may recover an award of statutory damages for each [unauthorized publication of an intercepted broadcast] in a sum of not less than

$1,000 or more than $10,000, as the court considers just." Discretionary enhanced damages of up to $100,000 per violation are also available "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain."  § 605(e)(3)(C)(ii).

Due to his counsel's astonishing failure to abide by the Federal Rules of Civil Procedure, Mr. Rosales has admitted to intentionally intercepting, receiving, and broadcasting the Program at the establishment without paying the required licensing fee to plaintiff. (*See* Doc. 29-3 at 28-31). Moreover, he has admitted to advertising that the Program would be telecast at the establishment, requiring patrons to pay a cover charge or other fee on the day of the Program, and broadcasting the Program for his own financial gain. (*Id*.). Mr. Rosales's admissions have left no material facts in dispute; thus, the Court finds that summary judgment must be granted against Mr. Rosales. The Court further notes that these admissions—which could have easily been avoided—have also exposed Mr. Rosales to a significantly higher damages maximum by implicating the enhanced damages provision of § 605.

Mr. Rosales's counsel has truly done him a disservice in this case. Not only did she bring summary judgment upon her own client by failing to provide a timely response to opposing counsel's requests for admission, she submitted a response brief littered with errors and unsubstantiated assertions.[2] It is a shame that Mr. Rosales, despite retaining counsel, has found himself in the same exact position of the defendants in default.

## III.     Calculation of Damages

Given the entry of default against Mr. Camacho and Las Tortas and the propriety of entering summary judgment against Mr. Rosales, the Court will now consider the amount of

---

[2] Even the title of the response brief is incorrect, as it misidentifies Ms. McMurray's client as a plaintiff instead of a defendant. (*See* Doc. 30 at 1).

damages to be awarded against these defendants. The Court bears in mind the findings of plaintiff's investigator, Mr. Nicolin Decker. Mr. Decker observed the Program being shown at the defendants' establishment, but he counted only four patrons present during his observation. (Doc. 29-2). He reported paying no cover charge or other fee to enter. (*Id.*). Although plaintiff requests maximum statutory damages and maximum enhanced damages under § 605, the Court has declined to award the maximum damages in cases with more patrons and evidence of financial benefit to the defendants. *See, e.g.*, *J & J Sports Prods., Inc.*, 17-CV-188-JED-FHM, 2017 WL 3841889 (N.D. Okla. Sept. 1, 2017) (awarding $7,500 in statutory damages and $10,000 in enhanced damages where there were upwards of 85 patrons and a cover charge of $10 or $15); *J & J Sports Prods., Inc. v. Martinez*, 16-CV-573-JED-PJC, 2017 WL 374472 (N.D. Okla. Jan. 25, 2017) (awarding $5,000 in statutory damages and $10,000 in enhanced damages where there were 29-31 patrons and a cover charge of $5); *J & J Sports Prods., Inc. v. Cordoba*, 16-CV-184-JED-FHM (N.D. Okla. Oct. 25, 2016) (awarding $5,000 in statutory damages and $10,000 in enhanced damages where there were 10 patrons and a cover charge of $10). The Court also considers that a fee of $3,000 would have been required to obtain a commercial license to broadcast the Program at this establishment, given its capacity of approximately 85 people. (Doc. 29-1 at 10, Doc. 29-2).

In light of the cost of the license, the very small number of patrons present at defendants' establishment during the showing of the Program, and Mr. Decker's report of there being no cover charge, the Court finds that an award of $3,400.00 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) and $1,400.00 in enhanced damages pursuant to § 605(e)(3)(C)(ii) will adequately and justly compensate the plaintiff for any fee that should have been paid by defendants and will sufficiently deter future similar violations.

Under 47 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees[,] to an aggrieved party who prevails." The Court has considered plaintiff's attorneys' fees and costs submissions (Doc. 27-3, 27-4) and finds that an award of $4,200.00 for attorneys' fees and $648.00 for costs is reasonable and appropriate in light of the work expended as indicated by the filings of record.

Plaintiff's Motion for Summary Judgment (Doc. 28) and Motion for Default Judgment (Doc. 26) are hereby **granted**. A separate judgment will be entered forthwith.

ORDERED this 30th day of May, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE